UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PHILLIP DAVID FUSSELL,

    Petitioner,

v().                                               CASE NO. 5:11-cv-564-Oc-19PRL
                                                        (5:08-cr-5-Oc-19TBS)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case involves an amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Phillip David Fussell (Doc. No. 4). The Government filed a response (Doc. No. 5) to the section 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Petitioner filed a reply (Doc. No. 12) to the response.

Petitioner alleges one claim for relief in his amended motion: he received ineffective assistance of counsel because counsel misadvised him that "a not guilty jury verdict on count three of the indictment (possession of a firearm during and in furtherance of a drug trafficking offense, in violation of 18 U.S.C. [§] 924(c)) would benefit [him] at sentencing on the drug counts." *See* Doc. No. 4 at 6.

## I.   Procedural History

Petitioner was charged in a three-count indictment with conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine (count one), possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine (count two), and possession of a firearm in furtherance of a drug trafficking offense (count three) (Criminal Case No. 5:08-cr-5-Oc-19TBS, Doc. No. 1, filed January 10, 2008).[1]  A jury trial was held, and Petitioner was found guilty on counts one and two and not guilty on count three. *See* Criminal Case Doc. No. 84.  On March 11, 2009, the Court entered a Judgment in a Criminal Case in which Petitioner was adjudicated guilty of the offenses and sentenced to imprisonment for a total term of 216 months (Criminal Case Doc. No. 109).  Petitioner filed a direct appeal with the Eleventh Circuit Court of Appeals which affirmed.  *See* Criminal Case Doc. No. 119.

## II.   Analysis of Petitioner's Claim

### 1.   Petitioner's Arguments

Petitioner argues that he received ineffective assistance of counsel because counsel incorrectly advised him that "a not guilty jury verdict on count three of the indictment (possession of a firearm during and in furtherance of a drug trafficking offense, in violation of 18 U.S.C. [§] 924(c)) would benefit [him] at sentencing on the drug counts."  *See* Doc. No. 4 at 6.  According to Petitioner, had he "been correctly advised that despite a not guilty jury

---

[1] Criminal Case No. 5:08-cr-5-Oc-19TBS will be referred to as "Criminal Case."

verdict on count three, the court would still be required to consider the acquitted conduct at sentencing under sentencing guideline relevant conduct rules, [he] would have pled guilty." *Id*. He also claims that he

> lost the benefit of his substantial assistance and sentencing guidelines acceptance of responsibility as well as lost the benefit of a more favorable drug quantity determination that would have or could have resulted from a substantial assistance plea agreement under which the Government would most likely have stipulated to the drug quantity based on the drug seized at the time of the arrest or a drug quantity based on his own proffers.

*Id*. at 6-7. Petitioner further alleges that if he had pled guilty, he also would have been "eligible for the safety valve (because he had already given truthful proffers about his role in the offense, but the firearm rendered him ineligible for the safety valve)." *Id*. at 8. Petitioner states that, if he had been properly advised, "he would not have taken the case to trial . . . ." *Id*. at 7.

   2.   *Legal Standard*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88.[2]

---

[2]Petitioner's reliance on *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) is misplaced. The *Frye* decision dealt with counsel's failure to communicate a plea offer from the prosecution, which is not alleged in this case. The *Lafler* decision dealt with counsels' deficient performance in advising the defendant to reject a plea offer and to go to trial. Here, there is no allegation of a plea offer from the Government.

*3.     Discussion*

In the present case, Petitioner was represented at trial by Ronald E. Fox. William Mallory Kent, who is Petitioner's counsel in these proceedings, appeared as co-counsel for Petitioner at sentencing. *See* Criminal Case Doc. No. 101. Mr. Fox has filed an affidavit in this case in which he states that, "based on [his] misunderstanding of acquitted conduct on sentencing, [he] misadvised Mr. Fussell to proceed to trial." *See* Doc. No. 11, Affidavit of Mr. Fox at 2. Mr. Fox believed that a not guilty verdict on the "gun count" would have resulted in "that matter not being scored and not a factor in sentencing." *Id*. However, Mr. Fox states that "the acquittal on the 'gun count' negatively impacted Mr. Fussell at sentencing," because Petitioner "received a two level enhancement . . . for possession of a firearm even though the jury had acquitted him of that conduct. This increased his sentence more than if he had ple[d] guilty to the 'gun count.'" *Id*.

Because Mr. Fox asserts that he acted deficiently with regard to this matter, the Court will determine whether Petitioner has shown prejudice. The base offense level in this case was 38 because the offenses involved at least 15 kilograms of methamphetamine. *See* U.S.S.G. § 2D1.1(c). Petitioner speculates that, if he had pled guilty, the base offense level would have been lower because "[i]n [his] own proffer he had estimated his involvement at less than 10 kilograms of methamphetamine, and the Government appeared to accept or be satisfied with this number . . . ." *See* Doc. No. 12 at 6. However, Petitioner's assertion is based purely on conjecture, and Petitioner has failed to provide any

4

evidence whatsoever that the base offense level would have been lower if he had pled guilty.

Petitioner also argues that, if he had known that "the court would still be required to consider the acquitted conduct at sentencing under sentencing guideline relevant conduct rules, [he] would have pled guilty." *See* Doc. No. 4 at 6. However, it is incorrect to state that the Court was *required* to consider acquitted conduct at sentencing. Rather, under the advisory Sentencing Guidelines, the Court may consider "not merely the charged conduct, but rather all 'relevant conduct,' in calculating a defendant's offense level." *United States v. Hamaker*, 455 F.3d 1316, 1336 (11th Cir. 2006). The Court may consider "both uncharged and acquitted conduct" and even conduct that takes place outside of a relevant statute of limitations period. *Id.* (citation and quotations omitted). The Court's determination of relevant conduct is governed by the preponderance of the evidence standard rather than the more demanding standard of proof beyond a reasonable doubt. *Id.* Thus, at sentencing, the Court considered whether a dangerous weapon was possessed and heard arguments on the issue.[3] Ultimately, the Court found that the Government had carried its burden of proof.

Petitioner's argument that the safety valve provision would have applied if he had pled guilty lacks any support. To qualify for an offense level reduction under the

---

[3]In fact, both Mr. Kent and Mr. Fox presented lengthy arguments that the guns possessed by Petitioner had no connection with the offense and should not have raised his offense level. *See* Criminal Case Doc. No. 115 at 26-36.

"safety-valve" provision of the Sentencing Guidelines, a defendant must show the following:

> (1) he does not have more than one criminal history point; (2) he did not use violence or possess a firearm or other dangerous weapon during the offense; (3) death or serious bodily injury did not occur to any person as a result of the offense; (4) he was not an "organizer, leader, manager, or supervisor of others in the offense" and not engaged in a continuing criminal enterprise; (5) he must truthfully provide the government with all information and evidence he has concerning the offense. 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a).

*United States v. Suarez O'Neill*, 178 F. App'x 985, 988 (11th Cir. 2006). It is apparent that Petitioner would not meet the second criteria since he possessed a firearm; therefore, the safety valve provision would not have applied if Petitioner had pled guilty.

The Court also finds speculative Petitioner's argument that he would have been entitled to a substantial assistance downward departure. The decision to file a substantial assistance motion is a matter of prosecutorial discretion. *United States v. Nealy*, 232 F.3d 825, 831(11th Cir. 2000). The Government has a power, not a duty, to file such a motion when a defendant has substantially assisted. *Wade v. United States*, 504 U.S. 181, 185 (1992). The Court does not have the authority to order that such a motion be filed or to reduce the sentence on its own for a defendant's substantial assistance. *United Sates v. Backoff*, No. 3:06cv348, 2006 WL 3956165, at *1 (N.D. Fla. December 20, 2006). Aside from vague and conclusory allegations, Petitioner provides no evidence that he would have received a substantial assistance downward departure if he had pled guilty.[4]

---

[4]In fact, the Government noted in its Response to Petitioner's sentencing memorandum that Petitioner "has not truthfully provided all information he has

Assuming that Petitioner had pled guilty to all three counts and would have received a two-level reduction for acceptance of responsibility, *see* U.S.S.G § 3E1.1(a), his adjusted offense level would have been 36, which would have resulted in an advisory guidelines sentencing range of 188 to 235 months. Thus, his sentence of 216 months still would have fallen within the applicable range. Assuming even further that Petitioner would have receive a three-level reduction for acceptance of responsibility under U.S.S.G § 3E1.1(b),[5] his adjusted offense level would have been 35, which would have resulted in an advisory guidelines sentencing range of 168 to 210 months. However, under 18 U.S.C. section 924(c), the possession of a firearm results in a five-year minimum mandatory consecutive sentence. Consequently, the minimum total sentence would have been 228 months, consisting of the 168 months for counts one and two plus 60 months for count three. This sentence exceeds the sentence Petitioner received.

In fact, at sentencing, Petitioner's counsel specifically recognized and discussed the sentence involved if Petitioner had pled guilty to the firearm charge:

> [I]f it had been a straight-up plea with a level 38, then there would have been a three-level reduction for acceptance and a level 35. And the level 35 at

---

concerning his offense. [Petitioner] provided false information during proffer sessions with government agents, and he continues to falsely deny the scope of his drug trafficking activity . . . ." *See* Criminal Case Doc. No. 105 at 5. Consequently, it is dubious that the Government would have filed a substantial assistance motion.

[5]A defendant whose offense level is sixteen or greater, as determined prior to any initial credit for acceptance of responsibility, may receive a reduction of an additional level if he timely notifies the Government that he intends to enter a plea of guilty so that the government may avoid preparing for trial. U.S.S.G. § 3E1.1(b).

> category one would have been 168 to 210. *If you add, then, the 924(c) firearm consecutive to that, the 168 plus 60 would be 228.*

*See* Criminal Case Doc. No. 115 at 36 (emphasis added). As a result, as acknowledged by Petitioner's counsel at sentencing, Petitioner would have received a sentence of 228 months, which was 12 months more than the 216 months he actually received. Clearly, there was no prejudice.

Under the circumstances, the Court finds that Petitioner has not shown prejudice with regard to this matter. Consequently, this claim is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Phillip David Fussell (Doc. No. 4) is **DENIED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 5:08-cr-5-Oc-19TBS .

4. The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 122) filed in criminal case number 5:08-cr-5-Oc-19TBS.

5. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28


U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[6] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this _10th____ day of August, 2012.

*[signature: Patricia C. Fawsett]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

---

[6]Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Copies to:
OrlP-2 8/10
Counsel of Record